# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA HILDEBRAND,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | CASE NO. 1:05-cv-00014 OWW TAG<br><br>REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS<br>(Doc. 9)<br><br>REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO VACATE DEFENDANT'S MOTION TO DISMISS<br>(Doc. 12) |

      This action was commenced on January 4, 2005, when Linda Hildebrand ("Plaintiff") filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant") denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. (Court Doc. 1). Defendant responded to the complaint by filing the instant motion to dismiss the complaint on April 14, 2005. (Court Doc. 9). Pursuant to the Scheduling Order in this case, Plaintiff had 14 days to file an opposition brief to the motion to dismiss. (Court Doc. 5, p. 3). Plaintiff failed to file a timely opposition brief. However, on June 2, 2005, over one month following the allotted time period to file an opposition to the motion to dismiss, Plaintiff filed a pleading entitled "Motion to Vacate Defendant's Motion to Dismiss Plaintiff's Complaint." (Court Doc. 12).

      Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b) on the grounds that the Court lacks subject matter jurisdiction and Plaintiff's complaint fails to state a claim upon which relief may be granted, because the complaint was not filed within the limitations period of

42 U.S.C. § 405(g). For the reasons discussed below, the Court recommends that Defendant's motion to dismiss be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the complaint fails to state a claim upon which relief can be granted.

## I.  LEGAL STANDARDS

Defendant's motion recites that it is brought under Rule 12(b), but does not cite to the precise Rule 12(b) subsection for an enumerated Rule 12(b) defense. Defendant contends that the Court "lacks jurisdiction over the subject matter" because Plaintiff's complaint was not timely filed, and the complaint "fails to state a claim upon which relief can be granted." Rule 12(b)(1) provides that a motion to dismiss may be brought for "lack of jurisdiction over the subject matter." Rule 12(b)(6) provides that a motion to dismiss may be brought for "failure to state a claim upon which relief can be granted." Thus, although Defendant's motion does not cite to the precise authority for the relief requested, the Court will analyze the motion as being brought under Rules 12(b)(1) and 12(b)(6).

**A.  Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of a complaint, either "facially" or "factually." A complaint should be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction. Thornhill Publishing Co., Inc. v. General Telephone & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). When a motion to dismiss attacks the sufficiency of a complaint's allegations of subject matter jurisdiction, it is a facial challenge to jurisdiction, and all material allegations in the complaint are deemed to be true and construed in the light most favorable to the plaintiff. NL Industries, Inc. v. Kaplan, 792 F. 2d. 896, 898 (9th Cir. 1986); Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891 (3rd Cir. 1977). When a motion challenges the actual existence of subject matter jurisdiction, it is a factual challenge to jurisdiction, in which case no presumptive truthfulness attaches to the allegations of the complaint, and the plaintiff must establish the existence of subject matter jurisdiction regardless of the allegations in the complaint. Thornhill Publishing Co., Inc., 594 F.2d at 733. In considering a Rule 12(b)(1) motion, the district court is not restricted to the pleadings, but may consider affidavits and other

forms of competent evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

**B.  Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) tests the legal sufficiency of a claim. A claim may be dismissed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed. 80 (1957)); Navarro v. Block, 250 F 3d. 729, 732 (9th Cir. 2001). For the purpose of the motion, all facts alleged in the complaint are taken as true and construed in favor of the plaintiff. Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

In considering a Rule 12(b)(6) motion, a district court generally is limited to the contents of the complaint. However, the court may also consider certain other matters, such as documents attached to a complaint, documents incorporated by reference in a complaint, or matters of judicial notice, without converting a motion to dismiss into a motion for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 907-908 (9th Cir. 2003). In addition, a district court may consider a document which is neither submitted with the complaint nor attached to the complaint, if it is integral to the plaintiff's claims and its authenticity is not questioned. Fields v. Legacy Health System, 2005 WL 1459541, *9 n. 13 (9th Cir. 2005).

## II. ANALYSIS

**A.  42 U.S.C. § 405(g)**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L.Ed 2d 274 (1978). Limits upon federal jurisdiction must not be disregarded or evaded. Id. A district court lacks jurisdiction to consider a claim against an agency of the United States "except as Congress has consented to a cause of action against the United States." See, United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 956, 47 L.Ed. 2d 114 (1976). Here, Defendant contends that the Court lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief

3

can be granted, because Plaintiff failed to commence this action within the time prescribed by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

42 U.S.C. § 405 governs Defendant's DIB claim, and provides in relevant part that:

> (g) Judicial Review.  Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of notice of such decision** or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .
>
> (h) Finality of Commissioner's decision.  The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter. (Emphasis added).

42 U.S.C. § 405 (g); 42 U.S.C. § 1383(c)(3).

The 60-day limit for filing specified by 42 U.S.C. § 405(g) is not jurisdictional.  Rather, the 60-day period "constitutes a statute of limitations." Bowen v. City of New York, 476 U.S. 467, 478-479, 106 S. Ct. 2022, 2029-2032 & n. 10, 90 L.Ed 2d 462 (1986); Banta v. Sullivan, 925 F.2d 343, 345 (9th Cir. 1991); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987) (citations omitted).  Its purpose is "to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision." Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed 2d 192 (1977).  The Commissioner's final decision includes an Appeals Council's denial of a claimant's request for a review of an administrative law judge's decision.  20 C.F.R. §§ 404.900(a)(5), 422.210(a).

**B.  Fed. R. Civ. P. 12(b)(6) Analysis**

    **1.  Untimely Complaint**

The statute of limitations defense may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint. Conerly v. Westinghouse Elect. Corp., 623 F.2d 117, 119 (9th Cir. 1980).  Dismissal for a statute of limitations violation can be granted under Rule 12 (b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." TwoRivers v. Lewis, 174

1  F.3d 987, 991 (9th Cir. 1999) (citation omitted) (quoting <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d
2  677, 682 (9th Cir. 1980).  A complaint cannot be dismissed under Fed. R. Civ. P. 12(b)(1) for a
3  statute of limitations violation "unless it appears beyond doubt that the plaintiff can prove no set
4  of facts that would establish the timeliness of the claim."  <u>Supermail Cargo v. United States</u>, 68
5  F.3d 1204, 1206-07 (9th Cir. 1995) (internal quotation omitted) (citations omitted). .

6       To have timely filed her complaint, Plaintiff must have commenced this action within 60
7  days after the date she received notice of the Appeals Council's denial of her request for review.
8  42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 422.210(c) (Appeals Council's decision is binding
9  unless district court action is filed within 60 days).  Plaintiff is presumed to have received notice
10 of the denial on the date which is five days after the date of the Appeals Council's notice, unless
11 there is a reasonable showing to the contrary.  20 C.F.R. § 422.210.

12      Here, the running of the 60-day limitations period is apparent from the face of the
13 complaint, which alleges that the Appeals Council denied Plaintiff's request for review on
14 October 24, 2004.  (Court Doc. 1, 2:7-9).  The running of the limitations period is also apparent
15 from the affidavit accompanying Defendant's motion, which attaches a copy of the Appeals
16 Council's October 21, 2004 notice denying Plaintiff's request for review.  (Court Doc. 10, Exh.
17 2).  Plaintiff's complaint does not allege, and Plaintiff has not otherwise asserted, that she did not
18 receive notice of the denial within five days.  Based on the allegations in the complaint, Plaintiff
19 is presumed to have received notice of the denial on October 29, 2004.  Based on the actual date
20 of the Appeals Council's notice of denial, Plaintiff is presumed to have received notice on
21 October 26, 2004.  Accordingly, Plaintiff had 60 days from October 29, 2004, at the latest, to file
22 her complaint in this action.  60 days from October 29, 2004 is December 28, 2004.  Plaintiff
23 submitted the complaint for filing on December 30, 2004.  (Court Doc. 1).  Thus, the complaint
24 was filed beyond the 60-day limitations period, regardless of whether the 60-day period
25 commenced on October 26, 2004 or October 29, 2004.  Accordingly, the complaint is time-
26 barred under 42 U.S.C. § 405(g), unless the limitations period is extended or tolled.
27 ///
28 ///

### 2. Extensions of Time and Tolling

42 U.S.C. § 405(g) is a condition on the waiver of sovereign immunity, as well as a statute of limitations. Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to 20 C.F.R. §§ 404.911 and 416.1411, or by a court applying "traditional equitable tolling principles" in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. Bowen, 476 U.S. at 479-82. In Bowen, the plaintiffs were prevented from filing because of "the Government's secretive conduct." Bowen, 476 U.S. at 481. In Vernon, the plaintiff alleged that a Social Security Administration employee misinformed him about the filing deadline. Vernon, 811 F.2d at 1275.

Neither the complaint nor either of the motions before the Court contend that Defendant was asked to, or did, extend Plaintiff's time period to file the complaint. Consequently, equitable tolling is the only basis for an extension in this instance. Plaintiff did not submit any opposition to Defendant's motion to dismiss, and did not request an opportunity to do so. Rather, Plaintiff's only "response" was her June 2, 2005 pleading, entitled "Motion to Vacate Defendant's Motion to Dismiss Plaintiff's Complaint." (Court Doc. 12). Plaintiff's motion requests that the Court vacate Defendant's motion to dismiss the complaint and consider Plaintiff's case, for the following reason:

> We did not get this timely filed because the staff person handling this case, who has since been terminated, failed to file it on the date shown, December 27, 2004, when she faxed Application to Proceed without Prepayment of Fees and Affidavit to claimant. We had understood the case was filed. The staffer diaried it improperly, or we would have noted her error sooner.

(Court Doc. 12).

Plaintiff does not claim that Defendant misled or concealed anything from her. The only reason claimed for her complaint's tardiness are calendar and filing errors by her attorney's employee. The complaint itself avers no basis for equitable tolling. Even when the complaint is read together with Plaintiff's motion, there is still no equitable basis upon which to toll the 60-day limitations period. Absent specific statutory authority, a mistake is not a ground for tolling a statue of limitations. Johnson v. U.S. Social Sec. Admin., 2005 WL 418543, *6 (N.D. Cal.

1  2005) (clerical staff error at claimant's attorney's office, causing untimely filing of the complaint, was held an improper basis for equitable tolling), see, also, Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L.Ed. 2d 435 (1990) (refusing to toll equitably the statute of limitations in a case in which untimely filing was due to counsel's absence from the office, which was characterized as "a garden variety claim of excusable neglect").

Equitable tolling is justified only where the equities in favor of tolling the limitations period are "'so great that deference to the agency's judgment is inappropriate.'" Bowen, 476 U.S. at 479-82 (quoting Mathews v. Eldridge, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed. 2d 18 (1976). Here, there is no evidence of misleading or clandestine conduct by Defendant that interfered with or hindered Plaintiff's attempts to exercise her rights. Furthermore, there were no considerations of fairness, such as ignorance or disability obstructing Plaintiff's efforts to appeal. Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987) (not tolling the running of the period in the absence of agency misconduct or circumstances giving rise to special considerations of fairness).

**C.  Rule 12(b) (1) Analysis**

Defendant's Rule 12(b)(1) motion is premised upon a violation of the 60-day period defined in 42 U.S. C. § 405(g). As discussed above, Section 405(g) is not jurisdictional; it is a statute of limitations subject to equitable tolling principles. Bowen, 476 U.S. at 480; Banta, 925 F.2d at 346; Vernon, 811 F.2d at 1277. When the statute of limitations on a claim against the government is subject to equitable tolling, the question of whether statute has run generally is not amendable to resolution on a Rule 12(b)(1) motion. Supermail Cargo v. United States, 68 F.3d 1204, 1206-1207 (9th Cir. 1995); see, Hughes v. United States, 263 F.3d 272 (3d Cir. 2001); see, Jordan Hosp., Inc. v. Shalala, 276 F.3d 72 (1st Cir. 2002) (district court properly dismissed claim under Medicare Act pursuant to Rule 12(b)(1) where the Act did not permit equitable tolling). In this case, a dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is not appropriate because the applicable statute of limitations is subject to equitable tolling and is not jurisdictional in nature.

///

In summary, Plaintiff's complaint fails to state a claim upon which relief may be granted because the complaint was not filed within the limitations period prescribed by 42 U.S.C. § 405(g), and neither the complaint nor the reasons claimed for its untimeliness establish grounds for equitable tolling.

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Court Doc. 9) be GRANTED;

2. Plaintiff's Motion to Vacate Defendant's Motion to Dismiss Plaintiff's Complaint (Court Doc. 12) be DENIED; and

3. This action be DISMISSED for Plaintiff's failure to state a claim upon which relief may be granted.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court day (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.3d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 23, 2005**            /s/ Theresa A. Goldner
j6eb3d                       UNITED STATES MAGISTRATE JUDGE